UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AKAMAI TECHNOLOGIES, INC., and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, <br><br> Plaintiffs, <br><br> vs. <br><br> COTENDO, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

## NATURE OF THE ACTION

1. This is a patent infringement action brought by plaintiffs Akamai Technologies, Inc. ("Akamai") and Massachusetts Institute of Technology ("MIT") against defendant Cotendo, Inc. ("Cotendo").

## PARTIES

2. Akamai is a Delaware corporation. Its principal place of business is located in Cambridge, Massachusetts.

3. MIT is a world-renowned educational institution located in Cambridge, Massachusetts.

4. Upon information and belief, Cotendo is a Delaware corporation whose principal place of business is located in Sunnyvale, California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction with respect to this action under 28 U.S.C. §§ 1331, 1338 because it arises under the patent laws of the United States, 35 U.S.C.

6. This Court has personal jurisdiction over Cotendo because this action arises from (a) Cotendo's infringing activity in Massachusetts, and (b) Cotendo's causing injury in Massachusetts by reason of its infringing activity outside Massachusetts and because Cotendo does or solicits business in Massachusetts or derives substantial revenue from the sale of services rendered in Massachusetts.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400 (b).

## THE PATENTS

8. On April 6, 2010, U.S. Patent No. 7,693,959 ("the '959 patent") was duly and legally issued to MIT as assignee of all the right, title and interest in the '959 patent. A copy of the '959 patent is attached as Exhibit A to this Complaint.

9. Akamai is the exclusive licensee of the '959 patent.

10. On November 16, 2004, U.S. Patent No. 6,820,133 ("the '133 patent") was duly and legally issued to Netli, Inc. as the assignee of all the right, title and interest in and to the patent. Akamai subsequently acquired Netli, Inc. and all right title and interest in the patent. A copy of the '133 patent is attached as Exhibit B to this Complaint.

11. On November 6, 2007, U.S. Patent No. 7,293,093 ("the '093 patent") was duly and legally issued to Akamai as the assignee of all the right, title and interest in and to the patent. A copy of the '093 patent is attached as Exhibit C to this Complaint.

## CLAIMS FOR RELIEF

12. Akamai is a leading provider of content delivery services on the Internet.

13. Since at least 1998, Akamai's founders - and later its employees - developed breakthrough technology that Akamai uses to deliver Internet content across the World on behalf of content providers such as news sites and media outlets.

14. Akamai provides market-leading services for optimizing delivery of World Wide Web and mobile content, online video, applications, and secure e-commerce. Its significant investments in research and development have led to many important inventions.

15. Cotendo is a relative late-comer to the content delivery services market.

16. In an effort to compete against Akamai as a low-cost provider, defendant Cotendo has implemented Akamai's inventive systems and methods for content delivery, including those embodied in the '959, '133, and '093 patents.

17. In fact, Cotendo has utilized product descriptions and designations developed and used by Akamai in the marketplace for years, such as "Dynamic Site Acceleration" ("DSA"), in an attempt to sell services that embody Akamai's inventions.

## COUNT ONE
## Infringement of the '959 Patent

18. Plaintiffs reallege, and incorporate herein by reference, the allegations of paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19. Cotendo has infringed, and continues to infringe, the '959 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '959 patent, including without limitation, by its making, using, offering to sell, or selling of its content delivery services and/or content delivery network as generally described as of this date on its website: http://www.contendo.com.

20. On information and belief, Cotendo actively has induced, and continues to induce, others to infringe the '959 patent.

21. Upon information and belief, Cotendo's infringement of the '959 patent has been, and continues to be, willful and with full knowledge of the '959 patent and its infringement. Cotendo's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

22. Cotendo's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## COUNT TWO
### Infringement of the '133 patent

23. Plaintiff Akamai realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

24. Cotendo has infringed, and continues to infringe, the '133 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '133 patent, including without limitation, by its making, using, offering to sell, or selling of its content delivery services and/or content delivery network as generally described as of this date on its website: http://www.contendo.com.

25. On information and belief, Cotendo actively has induced, and continues to induce, others to infringe the '133 patent.

26. Upon information and belief, Cotendo's infringement of the '133 patent has been, and continues to be, willful and with full knowledge of the '133 patent and its infringement. Cotendo's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

27. Cotendo's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## COUNT THREE
### Infringement of the '093 Patent

28. Plaintiff Akamai realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

29. Cotendo has infringed, and continues to infringe, the '093 patent, either directly or under the doctrine of equivalents, by making, using, offering to sell, or selling within the District of Massachusetts, and elsewhere in the United States, one or more of the inventions claimed in the '093 patent, including without limitation, by its making, using, offering to sell, or selling of its content delivery services and/or content delivery network as generally described as of this date on its website:  http://www.contendo.com.

30. On information and belief, Cotendo actively has induced, and continues to induce, others to infringe the '093 patent.

31. Upon information and belief, Cotendo's infringement of the '093 patent has been, and continues to be, willful and with full knowledge of the '093 patent and its infringement. Cotendo's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

32. Cotendo's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause, substantial and irreparable injury and damage to the plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request:

A. That the Court determine that Cotendo has infringed, and is infringing, one or more claims of the '959 patent, '133 patent, and/or '093 patent;

B. That, after hearing, the Court enter a preliminary injunction, ordering Cotendo, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, to refrain from conduct that infringes the '959 patent, '133 patent, and/or '093 patent;

C. That, after trial, the Court enter a permanent injunction, ordering Cotendo, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them, to refrain from conduct that infringes the '959 patent, '133 patent, and/or '093 patent;

D. That the Court determine the amount of the damages to the plaintiffs caused by Cotendo's infringement and enter judgment for the plaintiffs in that amount, plus interest and costs;

E. That the Court determine that Cotendo's infringement has been willful and deliberate, and award up to treble damages to the plaintiffs pursuant to 35 U.S.C. § 284;

F. That the Court determine that this case is exceptional, within the meaning of 35 U.S.C. § 285, and order Cotendo to pay plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That the Court grant such other and further relief as it deems appropriate in the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial on all issues triable of right by a jury.

Dated:  November 9, 2010

                                            Respectfully submitted,

                                            By: */s/ Carlos Perez-Albuerne*
                                                 Robert S. Frank, Jr. (BBO# 177240)
                                                 Carlos Perez-Albuerne (BBO# 640446)
                                                 Courtney M. Schou (BBO# 671104)
                                                 CHOATE, HALL & STEWART
                                                 Two International Place
                                                 Boston, Massachusetts 02110
                                                 (617) 248-5000
                                                 rfrank@choate.com
                                                 cperez@choate.com
                                                 cschou@choate.com