-1-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKAMAI TECHNOLOGIES, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>             Plaintiffs,<br><br>     v.<br><br>COTENDO, INC.,<br><br>             Defendant. | CIVIL ACTION NO. 10-11921-GAO<br><br>**DEMAND FOR JURY TRIAL** |
| COTENDO, INC.,<br><br>             Counterclaim Plaintiff,<br><br>     v.<br><br>AKAMAI TECHNOLOGIES, INC. and MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>             Counterclaim Defendant. | |

### DEFENDANT COTENDO, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT

### <u>ANSWER</u>

Defendant Cotendo, Inc. ("Cotendo") hereby answers Plaintiffs' Complaint for Patent Infringement and Demand for Jury Trial ("Complaint"). To the extent not expressly admitted, all allegations of the Complaint are denied.

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint does not contain any allegations, and, therefore, requires no answer.

## PARTIES

2. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

3. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies them.

4. Cotendo admits the allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Cotendo admits that this Court has subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because the Complaint purports to state a claim arising under 35 U.S.C. Except as expressly admitted, Cotendo denies the allegations of paragraph 5 of the Complaint.

6. Cotendo admits that this Court has personal jurisdiction over it. Cotendo denies that it infringes any valid claim of the asserted patents. Except as expressly admitted, Cotendo denies the allegations of paragraph 6 of the Complaint.

7. Cotendo admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PATENTS

8. Cotendo admits that Exhibit A purports to be a copy of U.S. Patent No. 7,693,959 ("the '959 patent"). Cotendo admits the face of the '959 patent shows an issue date of April 6, 2010 and lists the Massachusetts Institute of Technology ("MIT") as the assignee. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Complaint, and on that basis denies it.

10. Cotendo admits that Exhibit B purports to be a copy of U.S. Patent No. 6,820,133 ("the '133 patent"). Cotendo admits that the face of the '133 patent shows an issue date of November 16, 2004, and lists Netli, Inc. as the assignee. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

11. Cotendo admits that Exhibit C purports to be a copy of U.S. Patent No. 7,293,093 ("the '093 patent"). Cotendo admits that the face of the '093 patent shows an issue date of November 6, 2007 and lists Akamai Technologies, Inc. ("Akamai") as the assignee. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

## CLAIMS FOR RELIEF

12. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14. Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies them.

15. Cotendo admits that it provides content delivery services. Except as expressly admitted, Cotendo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. Cotendo denies the allegations of paragraph 16 of the Complaint.

17. Cotendo admits that it offers a service called Dynamic Site Acceleration. Except as expressly admitted, Cotendo denies the allegations of paragraph 17 of the Complaint.

## ANSWER TO COUNT ONE

18. Cotendo incorporates by reference its responses to paragraphs 1-17 of the Complaint as if fully restated in this paragraph.

19. Cotendo denies the allegations of paragraph 19 of the Complaint.

20. Cotendo denies the allegations of paragraph 20 of the Complaint.

21. Cotendo denies the allegations of paragraph 21 of the Complaint.

22. Cotendo denies the allegations of paragraph 22 of the Complaint.

## ANSWER TO COUNT TWO

23. Cotendo incorporates by reference its responses to paragraphs 1-17 of the Complaint as if fully restated in this paragraph.

24. Cotendo denies the allegations of paragraph 24 of the Complaint.

25. Cotendo denies the allegations of paragraph 25 of the Complaint.

26. Cotendo denies the allegations of paragraph 26 of the Complaint.

27. Cotendo denies the allegations of paragraph 27 of the Complaint.

## ANSWER TO COUNT THREE

28. Cotendo incorporates by reference its responses to paragraphs 1-17 of the Complaint as if fully restated in this paragraph.

29. Cotendo denies the allegations of paragraph 29 of the Complaint.

30. Cotendo denies the allegations of paragraph 30 of the Complaint.

31. Cotendo denies the allegations of paragraph 31 of the Complaint.

32. Cotendo denies the allegations of paragraph 32 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

33. Cotendo denies that Plaintiffs are entitled to any of the relief requested in paragraphs (A) through (G) of its prayer for relief or to any other relief in any form whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. Cotendo is informed and believes, and on that basis alleges, that Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

35.     Cotendo does not infringe, under any theory of infringement, any valid and enforceable claim of the '959 patent, the '133 patent, or the '093 patent.

## THIRD AFFIRMATIVE DEFENSE

36.     The claims of the '959 patent, the '133 patent, and the '093 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

37.     By reason of proceedings in the United States Patent and Trademark Office, Plaintiffs are estopped from construing the claims of the '959 patent, the '133 patent, and the '093 patent to cover and/or include any acts of Cotendo.

## FIFTH AFFIRMATIVE DEFENSE

38.     Cotendo is informed and believes, and on that basis alleges, that Plaintiffs' claims for relief and prayer for damages are barred or limited, in whole or in part, by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

39.     Plaintiffs are not entitled to injunctive relief because any alleged injury to them is not immediate and/or irreparable, and Plaintiffs already have an adequate remedy at law.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

40.     Cotendo reserves all defenses under the Federal Rule of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Cotendo's counterclaims against Plaintiffs/Counterclaim-Defendants Akamai Technologies, Inc. ("Akamai") and Massachusetts Institute of Technology ("MIT") (collectively, "Plaintiffs") are as follows:

## THE PARTIES

1. Counterclaimant Cotendo is a Delaware corporation whose principal place of business is located in Sunnyvale, California.

2. On information and belief, Akamai is a Delaware corporation whose principal place of business is located in Cambridge, Massachusetts.

3. On information and belief, MIT is an educational institution located in Cambridge, Massachusetts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331 and 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

5. The Court has personal jurisdiction over Akamai and MIT by virtue of, *inter alia*, their having their principal places of business in Massachusetts, having availed themselves of the rights and benefits of Massachusetts law, and having engaged in substantial and continuing contacts with the state. In addition, Akamai and MIT have availed themselves of this Court for purpose of litigating their patent disputes.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## COUNTERCLAIM ONE: '959 PATENT

7. Cotendo restates and incorporates by reference each allegation contained in paragraphs 1-6 of this Counterclaim, as if fully set forth herein.

8. An actual and justiciable controversy exists between Cotendo and Plaintiffs as to Cotendo's non-infringement of the '959 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

9. An actual and justiciable controversy exists between Cotendo and Plaintiffs as to the invalidity of the '959 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

10. Cotendo does not infringe, under any theory of infringement, any valid claim of the '959 patent.

11. The claims of the '959 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that Cotendo does not infringe, under any theory of infringement, any valid claim of the '959 patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that the claims of the '959 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNTERCLAIM TWO: '133 PATENT

14. Cotendo restates and incorporates by reference each allegation contained in paragraphs 1-6 of this Counterclaim, as if fully set forth herein.

15. An actual and justiciable controversy exists between Cotendo and Akamai as to Cotendo's non-infringement of the '133 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

16. An actual and justiciable controversy exists between Cotendo and Akamai as to the invalidity of the '133 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

17. Cotendo does not infringe, under any theory of infringement, any valid claim of the '133 patent.

18. The claims of the '133 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that Cotendo does not infringe, under any theory of infringement, any valid claim of the '133 patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that the claims of the '133 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### COUNTERCLAIM THREE: '093 PATENT

21. Cotendo restates and incorporates by reference each allegation contained in paragraphs 1-6 of this Counterclaim, as if fully set forth herein.

22. An actual and justiciable controversy exists between Cotendo and Akamai as to Cotendo's non-infringement of the '093 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

23. An actual and justiciable controversy exists between Cotendo and Akamai as to the invalidity of the '093 patent, as evidenced by Plaintiffs' Complaint and Cotendo's Answer to the Complaint.

24. Cotendo does not infringe, under any theory of infringement, any valid claim of the '093 patent.

25. The claims of the '093 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that Cotendo does not infringe, under any theory of infringement, any valid claim of the '093 patent.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Cotendo requests that this Court enter a judgment that the claims of the '093 patent are invalid

for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Cotendo requests that the Court enter judgment in its favor and grant the following relief:

(a) An order that Plaintiffs Akamai and MIT are not entitled to any relief, whether in law or in equity or otherwise, from their suit against Cotendo;

(b) Judgment against Plaintiffs and in favor of Cotendo;

(c) Dismissal of Plaintiffs' Complaint with prejudice;

(d) A declaration that Cotendo has not infringed and does not infringe, under any theory of infringement, any valid claim of the '959 patent;

(e) A declaration that the '959 patent, and every claim thereof, is invalid;

(f) A declaration that Cotendo has not infringed and does not infringe, under any theory of infringement, any valid claim of the '133 patent;

(g) A declaration that the '133 patent, and every claim thereof, is invalid;

(h) A declaration that Cotendo has not infringed and does not infringe, under any theory of infringement, any valid claim of the '093 patent;

(i) A declaration that the '093 patent, and every claim thereof, is invalid;

(j) An order finding that Plaintiffs' conduct in commencing and pursuing this action renders this an exceptional case and awarding Defendant and Counterclaimant Cotendo its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285, Fed. R. Civ. P. 11, and/or any other applicable authority; and

(k) An award of any additional relief, in law and in equity, as the Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cotendo demands a trial by jury on all of Plaintiffs' claims and Cotendo's counterclaims in this action so triable.

Dated:  January 7, 2011                                        Respectfully submitted,


/s/ Michael S. D'Orsi
Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
Tel (617) 720-2880
peg@dcglaw.com
msd@dcglaw.com

Ron E. Shulman (*pro hac vice*)
Terry E. Kearny (*pro hac vice*)
Richard G. Frenkel (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
Voice:     650-493-9300
Facsimile: 650-493-6811
rshulman@wsgr.com
tkearney@wsgr.com
rfrenkel@wsgr.com

Jose C. Villarreal (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Voice:     512-338-5400
Facsimile: 512-338-5499
jvillarreal@wsgr.com

*Attorneys for Defendant/Counterclaim Plaintiff Cotendo, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 7, 2011.

                                                /s/ Michael S. D'Orsi
                                                Michael S. D'Orsi

Dated:  January 7, 2011